Neel, Stephen E., J.
Defendant Suffolk Construction Company, Inc. (Suffolk) alleges that plaintiffs, 333 Massachusetts Avenue Limited Partnership and 334 Massachusetts Avenue Limited Partnership (plaintiffs), “both before and during the course of this litigation, remediated, repaired and altered the very components of the building facade and the Defendants’ work allegedly involved in the claimed leaks, without notifying the Defendants or preserving evidence as they are duty-bound to do.” Motion, at 1-2. Suffolk moves for dismissal or, in the alternative, such other relief as the Court deems appropriate.[1] After hearing, and for the reasons stated below, the motion will be denied.
DISCUSSION
In evaluating the parties’ memoranda and affidavits, the Court is mindful of the following principles governing the law of spoliation in Massachusetts.
The doctrine of spoliation “permits the imposition of sanctions and remedies for the destruction of evidence in civil litigation.” Keene v. Brigham and Women's Hosp., Inc., 439 Mass. 223, 234 (2003). However, “the sanction should be narrowly ‘addressed to the precise unfairness that would otherwise result.’ ” Wiedmann v. The Bradford Group, Inc., 444 Mass. 698, 706 (2005) (quoting Keene at 235). The doctrine is “based on the premise that a party who has negligently or intentionally lost or destroyed evidence known to be relevant for an upcoming legal proceeding should be held accountable for any unfair prejudice that results.” Keene, at 234.
As a general rule, a judge “should impose the least severe sanction necessary to remedy the prejudice to the nonspoliating party.” Id., at 235. Generally, the “extreme sanction” of dismissal or default judgment should be predicated on a finding of wilfulness or bad faith, and ordinarily would not be appropriate in a case of negligent spoliation. Id., at 235-36.
“Massachusetts affords a greater range of remedies for spoliation than the majority of jurisdictions, which limit relief to permitting an adverse inference against *556 the responsible party.” Gath v. M/A-Com, Inc., 440 Mass. 482, 488 (2003). The Supreme Judicial Court has held that a judge “may exclude evidence to remedy unfairness caused by the destruction or alteration of evidence by a party to litigation or by persons affiliated with a party.” Scott v. Garfield, 454 Mass. 790, 799 (2009), citing Fletcher v. Dorchester Mut. Ins. Co., 437 Mass. 544 (2002). Remedies also include “allowing the party who has been aggrieved by the spoliation to present evidence about the preaccident condition of the lost evidence and the circumstances surrounding the spoliation,” Scott, supra, 454 Mass. at 799, quoting Gath, and instructing the jury on the inferences that may be drawn from the spoliation, see Gath, 440 Mass. at 488. These remedies may be cumulative, “as determined by the judge from the circumstances of each case, in the exercise of broad discretion.” Id.
Guided by the foregoing, and the materials submitted, the Court concludes that Suffolk and Acme have not established a basis for a finding that plaintiffs “negligently or intentionally lost or destroyed” relevant evidence, or that plaintiffs’ actions have unfairly prejudiced defendants. Keene, 439 Mass. at 234. Both defendants have been on notice of plaintiffs’ claims since before the conduct of which they complain; both have had the opportunity to inspect the buildings, including elements such as cracked or bowed panels; the amount of repair or replacement work which plaintiffs have had done comprises less than one percent of the sealant or the panels; plaintiffs have had third parties conduct evaluations of conditions in the facades, and have provided reports thereof to defendants; and plaintiffs have otherwise documented conditions and alterations to the facades. Moreover, the Court concludes, on the record before it, that plaintiffs’ intent was not spoliation of evidence, but rather addressing failing facade components as circumstances required.[2]
ORDER
For the reasons stated above, defendant Suffolk Construction Company, Inc.’s Motion for Relief Due to Plaintiffs’ Spoliation of Evidence is DENIED.

 Third-party defendant Acme Waterproofing Co., Inc. (Acme) submitted a memorandum in support of Suffolk’s motion.

 While the Court thus does not order relief under the spoliation doctrine, that is not to say that evidence of plaintiffs’ actions (and the “preaccident condition of the lost evidence,” Scott, supra, 454 Mass. at 799, quoting Gath), if admissible on some other ground, may not be admitted at trial.